Kevin Hahn, #024277
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032
*kevin@mclaw.org*

Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>JERRY D. RODGERS AND FRANCIE L RODGERS,<br><br>Debtors, | Chapter 13<br><br>Case No. 2:09-bk-08560-RJH<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>[Re: 18641 W. WESTERN STAR BLVD., GOODYEAR, AZ 85338-4902] |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST 2006-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT5, and its successors and/or assignees,<br><br>Movant,<br>vs.<br><br>JERRY D. RODGERS AND FRANCIE L RODGERS, Debtors, and RUSSELL BROWN, Trustee,<br><br>Respondents. | |

**TO THE HONORABLE RANDOLPH J. HAINES, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

       **PLEASE TAKE NOTICE** that DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST 2006-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT5, and its successors and/or assignees ("DEUTSCHE BANK, NATIONAL TRUST COMPANY"), has filed

1 | the attached Motion For Relief From The Automatic Stay (the "Motion") in the above-entitled and
2 | numbered Chapter 13 case.
3 |       This Motion is based upon the Memorandum of Points and Authorities attached
4 | hereto, as well as upon the documents filed in support of the Motion.
5 | Dated: November 13, 2009      Respectfully Submitted,
6 |       MALCOLM ♦ CISNEROS.A Law Corporation
7 |
8 | By: /s/ Kevin Hahn, #024277
    Kevin Hahn, Esq.
9 |     Attorney for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTORY STATEMENT

DEUTSCHE BANK, NATIONAL TRUST COMPANY requests the Court to grant it relief from the automatic stay because Movant's interest in the Property is not adequately protected, because there is no equity in the Property to benefit the Debtors or the estate, and because the Debtors have failed to make post petition payments.

## II.

## STATEMENT OF FACTS

1. **The Secured Debt.** On or about March 20, 2006, JERRY D. RODGERS AND FRANCIE L. RODGERS made and delivered a Promissory Note in the original principal amount of $297,500.00, secured by a First Priority Deed of Trust on the Property commonly known as 18641 W. WESTERN STAR BLVD., GOODYEAR, AZ 85338-4902 (the "Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "A" and "B," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the FEBRUARY 1, 2009 payment. As a result of the default, DEUTSCHE BANK, NATIONAL TRUST COMPANY desires to record a Notice of Sale against the Property. The total delinquency under the Note is set forth in detail on Exhibit "C" to the Motion.

3. **The Debtors' Interest In The Property.** The Debtors are the owners of record of the Property.

4. **The Filing Of The Instant Petition.** On or about April 27, 2009, JERRY D. RODGERS AND FRANCIE L RODGERS filed the instant Chapter 13 Petition as Case No. 2:09-bk-08560-RJH.

5. **The Post-Petition Delinquency.** The Debtors have failed to make post-petition payments that have come due. The total post-petition delinquency is set forth below:

///
///
///

| | | | | |
|---|---|---|---|---|
| 4 | Payments at $2,065.66 = | | $ | 8,262.64 |
| 3 | Late Charges = | | $ | 340.29 |
| | Less Debtor's Suspense = | | $ | (340.29) |
| | **Total "Post-Petition" Balance Due:** | | **$** | **8,262.64** |

6. **The Total Indebtedness Under The First Note.** The total indebtedness owed to DEUTSCHE BANK, NATIONAL TRUST COMPANY, exclusive of attorneys' fees, is as follows:

| | | |
|---|---|---|
| Principal Balance: | $ | 304,091.60 |
| Interest Accrued to November 5, 2009 : | $ | 15,454.54 |
| Escrow Advance: | $ | 975.14 |
| Late Charges: | $ | 446.00 |
| Total Fees: | $ | 60.00 |
| Suspense Balance: | $ | (126.62) |
| Recoverable Balance: | $ | 309.10 |
| **TOTAL:** | **$** | **321,209.76** |

7. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITORS | | LIEN AMOUNT |
|---|---|---|
| 1. DEUTSCHE BANK, NATIONAL TRUST COMPANY (1st TRUST DEED) | $ | 321,209.76 |
| 2. BANK OF AMERICA (2nd TRUST DEED) | $ | 85,623.00 |
| **TOTAL:** | **$** | **406,832.76** |

8. **The Value Of The Property.** By the Debtors' own admission, the Property has a fair market value of only $246,000.00. Accordingly, there is no equity in the Property to benefit the Debtors or the estate. True and correct copies of the Debtors' Schedule A and Schedule D are attached hereto as Exhibit "D."

///

///

## III.

## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) BECAUSE MOVANT'S INTEREST IN THE PROPERTY IS NOT ADEQUATELY PROTECTED.

The evidence demonstrates that DEUTSCHE BANK, NATIONAL TRUST COMPANY's interest in the Property is not protected by an adequate equity cushion. By the Debtors' own admission, the Property has a fair market value of $246,000.00, leaving no equity cushion available for DEUTSCHE BANK, NATIONAL TRUST COMPANY. Based on the foregoing, the stay should be terminated immediately. DEUTSCHE BANK, NATIONAL TRUST COMPANY has satisfied its burden under Section 362(d)(1).

## IV.

## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY.

The evidence demonstrates that there is no equity in the Property. By the Debtors' own admission, the Property has a fair market value of $246,000.00 while the total indebtedness on the Property is $406,832.76. Based on the foregoing, the stay should be terminated immediately. DEUTSCHE BANK, NATIONAL TRUST COMPANY has satisfied its burden under Section 362(d)(2).

## V.

## THE AUTOMATIC STAY SHOULD BE TERMINATED BASED ON THE DEBTORS' FAILURE TO MAKE POST-PETITION PAYMENTS.

Ninth Circuit case law clearly sets forth the duty of Chapter 13 Debtors to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief. In In re Gavia, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that the Debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for

MOTION FOR RELIEF 5 Loan No. XXXXXXX5651
RK/OPTION ONE/m49322

1. Chapter 13 relief.

In <u>In re Ellis</u>, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that it is the Debtors' burden to show that no cause exists.

As set forth in the Motion herein, the stay should be terminated immediately based on the Debtors' failure to make the regular monthly post-petition payments in the instant case.

## VI.

## <u>REQUEST FOR JUDICIAL NOTICE</u>.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, DEUTSCHE BANK, NATIONAL TRUST COMPANY requests that the Court take judicial notice of the following facts:

1. The Property has a fair market value of $246,000.00. <u>See</u> Exhibit "D."
2. The Property is encumbered by a second deed of trust. <u>See</u> Exhibit "D."

## VII.

## <u>CONCLUSION</u>.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow DEUTSCHE BANK, NATIONAL TRUST COMPANY to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 10-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. Furthermore, DEUTSCHE BANK, NATIONAL TRUST COMPANY is specifically requesting the Court to award Movant's attorneys fees and costs incurred in connection with this matter.

Dated: November 13, 2009    Respectfully Submitted,

             MALCOLM ♦ CISNEROS.A Law Corporation

             By: <u>/s/ Kevin Hahn, #024277</u>
               Kevin Hahn, Esq.
               Attorney for Movant